**FIRST CITIZENS BANK & TRUST COMPANY, Plaintiff,**

v.

**THE OIL SCREW LITTLE LADY, Official No. 592137, her engines, tackle, electronics, apparel, etc., in rem, and Michael Leon Cook and Karen E. Cook, in personam, Defendants.**

No. 4:95–CV–132–H2.

United States District Court,
E.D. North Carolina,
Eastern Division.

April 24, 1997.

---

Stevenson L. Weeks, Wheatley, Wheatley, Nobles, Weeks & Wainwright, Beaufort, NC, for plaintiff.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on plaintiff's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, or in the alternative, for summary judgment pursuant to Rule 56. Defendants have not responded and the time for response has expired. This matter is ripe for ruling.

## STATEMENT OF THE CASE

This action was commenced by plaintiff to recover monies owed it by defendants and is properly before this court pursuant to the court's admiralty and maritime jurisdiction. 28 U.S.C. § 1333(1); 46 U.S.C. § 31325(c). On April 25, 1995, Michael Leon Cook and Karen E. Cook, executed a promissory note to plaintiff in the amount of $36,000. The loan was secured by a First Preferred Ship's Mortgage on the vessel LITTLE LADY. The Preferred Ship's Mortgage was recorded in the office of the Marine Documentation Officer for the Port of Norfolk, Virginia, on April 27, 1995. On January 22, 1996, plaintiff filed with the court a copy of the current certificate of ownership/abstract of title from the United States Coast Guard for the vessel LITTLE LADY showing said mortgage pursuant to Local Rule 90.00.

Defendants made the scheduled payments through August 1, 1995. Beginning in September, and continuing until the present action was filed, defendants paid nothing on their indebtedness. Plaintiff made a demand for payment from defendants, however defendants advised plaintiff that they could no longer meet their obligations on the note. Subsequently, defendant Michael Cook voluntarily relinquished the keys and possession of the LITTLE LADY to plaintiff.

On December 13, 1995, the court allowed plaintiff's motion for issuance of an admiralty warrant of arrest. The vessel was thereafter arrested and seized by the United States Marshal on December 21, 1995. On February 13, 1996, the court entered an entry of default pursuant to Rule 55 of the Federal Rules of Civil Procedure against the LITTLE LADY, Michael Cook, Karen Cook, and

any person, firm or entity that could have claimed a lien on the vessel.

On February 16, 1996, the court entered an interlocutory order of sale authorizing the U.S. Marshal to sell the LITTLE LADY following the appropriate newspaper publication. On March 11, 1996, the United States Marshal sold the LITTLE LADY at a public auction, together with her engines, tackle, electronics, apparel, etc. for $25,000 to Steve Weeks, an attorney representing plaintiff, as the highest and only bidder. The balance owing on defendants' mortgage to plaintiff at the time the interlocutory order of sale was entered was $33,351.21, together with interest at the rate of $11.66805 per day. On June 6, 1996, the court entered an order confirming the sale after being satisfied that the sale was properly conducted in all respects.

Thereafter, plaintiff moved for judgment on the pleadings, or alternatively for summary judgment. Filed on the same day as the motion was an affidavit from plaintiff's attorney detailing the attorneys' fees incurred by plaintiff in this action. A second affidavit by J. Bruce Caldwell, a vice-president of plaintiff, was filed itemizing the total sum due plaintiff, including attorneys' fees, incidental expenses and a deficiency judgment, which amounts to $19,812.12.

## DISCUSSION

Plaintiff's motion for judgment on the pleadings was accompanied by affidavits and thus, the court will treat the motion as one for summary judgment pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Summary judgment is authorized by Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The inferences to be drawn from the underlying facts are to be viewed in the light most favorable

to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). However, entry of summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, (1986).

### I. *Deficiency Judgment*

■ The Ship Mortgage Act ("the Act"), 46 U.S.C. § 31325(b)(1), allows a mortgagee upon default to enforce its preferred mortgage [1] through a civil action in rem against the vessel. The Act further permits an action for a deficiency judgment against the mortgagor or guarantors. Title 46 U.S.C. § 31325(b)(2)(A) provides that upon default under a preferred mortgage, the mortgagee may enforce its claim in "a civil action in personam in admiralty against the mortgagor, maker, comaker or guarantor for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness."

There is no dispute that defendant Cook mortgaged his vessel, the LITTLE LADY to plaintiff in the amount of $36,000; that defendant defaulted on that loan; and that there remains a deficiency balance after sale, including interest of $1,135.83 from March 11, 1996, to February 19, 1997, totalling $11,178.91. *See* Caldwell Aff. ¶ 9. Under 46 U.S.C. § 31325(b)(2)(A) as well as the mortgage agreement between the parties,[2] plaintiff is entitled to a deficiency balance. Therefore, plaintiff's motion for summary judgment on the deficiency balance is GRANTED.

### II. *Attorneys' Fees and Incidental Costs*

Plaintiff also requests attorneys' fees and incidental costs which it incurred in the arrest, seizure, caretaking, and sale of the LITTLE LADY. The terms of the mortgage provide that plaintiff is entitled to recover the payment of reasonable attorneys' fees

---

**1.** 46 U.S.C. § 31322(a)(1) defines a preferred mortgage.

**2.** *See* Weeks Aff., Ex. C. Article II, ¶ 4 of the mortgage agreement provides that the "[m]ortgagee shall be entitled to collect any deficiency from Owner."

and "any other expenses, losses, charges, damages incurred or advances made by Mortgagee in the protection of its rights or cause by Owner's default hereunder." Weeks Aff., Ex. C. Article II, ¶ 4.

The general rule regarding attorneys' fees is that parties must pay their own attorneys' fees in the absence of a statute or enforceable contract providing for the award of such fees. *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 256, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975); *see also Bakker v. Grutman*, 942 F.2d 236, 237 (4th cir.1991) (stating that "normally a party, whether prevailing or nonprevailing, must bear his or her own expenses, including attorneys' fees and costs"). However, since attorneys' fees were authorized in advance by the parties in the event of default, defendants are responsible for the reasonable value of these expenses. The court has carefully reviewed the itemized statement outlining the attorneys' fees that plaintiff incurred as a result of defendants' default and finds these charges to be reasonable and proper in all respects. Therefore, the court GRANTS plaintiff's motion for attorneys' fees in the amount of $1,897.81.

Moreover, the court has reviewed the incidental expenses incurred by plaintiff as a result of the arrest, seizure and sale of the LITTLE LADY. These expenses include fees paid to the United States Marshal, repairs to the vessel, dock rent, custodian fees, advertisement costs and insurance. The court has determined these expenses are reasonable in amount and were necessary and agreed upon in advance by defendants. Accordingly, the court awards plaintiff these expenses totalling $6,735.40.

## CONCLUSION

In sum, the individual defendants are liable to the plaintiff for a deficiency balance of $11,178.91, attorneys' fees of $1,897.81 and incidental costs of $6,735.40, for a total amount of $19,812.12. For the foregoing reasons, plaintiff's motion for summary judgment is GRANTED. The clerk is directed to close the case.